TWEEDIE TRADING CO. v. NEW YORK CENT. & H. R. R. CO.

(District Court, S. D. New York. January 13, 1909.)

SHIPPING (§§ 176, 184*)—DEMURRAGE—EVIDENCE.

Upon a contract for the transportation of bricks by the respondent from New York to Colon, it appeared that there was some detention of two steamers at New York and three at Colon for which the libellant was entitled to recover. A counterclaim on the part of the respondent for damages arising from failure to receive the bricks at New York, promptly upon reaching there, dismissed, because the respondent failed to show any agreement to receive except when formal declarations were made upon which proper action was taken.

[Ed. Note.—For other cases, see Shipping. Dec. Dig. §§ 176, 184.*

Demurrage, see notes to Harrison v. Smith, 14 C. C. A. 657; Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.]

(Syllabus by the Judge.)

Ralph J. M. Bullowa, for libellant.
Charles C. Paulding, for respondent.

ADAMS, District Judge. This action was brought by the Tweedie Trading Company to recover from the New York Central & Hudson River Railroad Company demurrage alleged to be due by reason of the detention of the steamer Dundonian at New York in December, 1905, and at the port of Colon, Panama, in January, 1906; of the steamer Sangstad at New York in December, 1905, and at the port of Colon in February, 1906; of the steamer Melderskin at the port of Colon in January, 1906, amounting altogether to $8,312.08. The controversy arose out of a contract which was entered into between the parties on the 31st of August, 1905, and provided, as alleged in the libel, as follows:

"On or about the 31st day of August, 1905, the libellant entered into a contract with the respondent for the shipment of about 10,000 tons of paving bricks from New York to Colon. Said engagement therein contained among other clauses the following:

'It is understood that bricks are to be delivered to steamers at Railroad Company's pier at New York where there is sufficient water for steamers to lie always safely afloat and where steamers are to be free of wharfage, and to have the right of working day and night. Bricks to be furnished to steamer as fast as they can receive same. At Colon berth to be provided each steamer (where they can always lie afloat) immediately on steamer's arrival, and cargo to be received as fast as steamer can unload, working all hatches.'

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

166 F.—63

'Demurrage, if any due, to be charged at regular bill of lading price, i. e. 6 d. per net registered ton per steamer per day.'

Said freight engagement further provided that the other terms of the contract are to be in accordance with the Tweedie Trading Company's bill of lading which was attached to said engagement. Said freight engagement is hereby referred to and made part of this libel."

The answer admitted the execution of the contract but denied that there was any delay in either loading or discharging the bricks and then set up a claim for delay on numerous cars which brought the bricks from Galesburg, Illinois to New York.

At New York, the bricks were not delivered to the steamers as fast as they could receive them. On the contrary, when the cars were taken to the steamers on the wharf at which they were to be loaded, 70th Street, North River, there was some delay. It is claimed that the delay at New York which was caused in all instances by the respondent's failure to place the cars so that the contents could be expeditiously transferred to the two steamers, the Dundonian and Sangstad, amounted in each case to less than a day and therefore no demurrage became due. Demurrage of less than a day is, however, equivalent to a day. Leary v. Talbot (C. C. A.) 160 Fed. 914, 916. So that there is some appreciable claim for delay in New York.

At Colon, the three steamers were unloaded at a wharf selected by the respondent. Cars to receive the cargo were not always furnished promptly by the respondent and concededly there was some delay. There is no agreement as to the extent of the delay and it is properly a matter for the consideration of a commissioner.

With respect to the respondent's claim for damages for delay incident to the detention of cars at New York, the respondent claims that it is entitled to a decree because no reply has been filed to the claim set forth in the answer. The parties made a stipulation respecting the alleged counterclaim as follows:

"The said parties, The Tweedie Trading Company, of the one part, and The New York Central and Hudson River Railroad Company, of the other part, do hereby agree that any question as to whether it is competent in a proceeding by libel in personam, where the answer, as in this case, sets up as and by way of counterclaim a claim against the libellant arising out of the contract and subject matter set forth in the libel, to treat such counterclaim as a cross-libel, is hereby waived; and it is hereby agreed that the issuance and service of process thereon is waived and appearance thereto entered, and that the matters of complaint set forth in and by the said counterclaim may be heard, tried and determined either together with or separate from that of the matters of complaint set forth in and by the libel herein, as to the court shall seem meet, and that thereupon decree may be entered for and in favor of the said Railroad Company upon the said counterclaim if in the opinion and determination of the court the Railroad Company is entitled thereto upon the law and facts of the case.

Dated, New York City, N. Y., May 26, 1908."

It will be seen that the matters involved in the counterclaim were to be heard and determined by the court and a decree entered for the respondent if the court should hold that the respondent was entitled thereto upon the law and facts of the case. Even if it were a case for a default, which it was not under the practice of this court requiring the party seeking it to give notice of an application for a decree pro

confesso, the stipulation provided that the court should determine the matter and grant a decree if it should be held that the respondent was entitled to it.

The theory of the counterclaim is that there was a loss incurred by the respondent through a detention of the cars transporting the bricks from Galesburg, Illinois, after notice had been given by the libellant that it had declared an option to take the bricks at a certain time. The attempted proof, however, of the declaration of any such option by the libellant failed. It appeared that the libellant was urged to relieve the pressure upon the respondent for its cars by taking the contents as soon as possible and the president replied that his company would do what it could, but it did not declare any of the boats until it was done formally and upon the formal declarations, proper action was taken. There is no merit in the counterclaim and it should be dismissed.

There will be a decree for the libellant, with an order of reference.